J. Tayler Fox (ID 12677)
Penrod W. Keith (UT 4860) (Pro Hac Vice Pending)
**DENTONS DURHAM JONES PINEGAR P.C.**
111 South Main Street, Suite 2400
P O Box 4050
Salt Lake City, UT 84110-4050
Telephone: (801) 415-3000
Email: tayler.fox@dentons.com
penrod.keith@dentons.com

*Attorneys for West One Finance, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>JOSE ALBERTO ESPARZA and<br>MARIA ELENA GORDILLO ESPARZA<br><br>Debtors. | Bankruptcy Case No. 26-40306-BRW<br><br>Chapter 7<br><br>Honorable Brent R. Wilson |
| WEST ONE FINANCE, LLC, a Utah limited liability company,<br><br>Plaintiff.<br>v.<br><br>JOSE ALBERTO ESPARZA and<br>MARIA ELENA GORDILLO ESPARZA,<br><br>Defendants. | Adversary Pro. No. _______________ |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT UNDER SECTION 523 OF THE BANKRUPTCY CODE**

The plaintiff in this action, West One Finance, LLC (“**Plaintiff**”), by and through its counsel, pursuant to the provisions of 11 U.S.C. §§ 523(a) and 727; and Rules 4007 and 7001 of the Federal Rules of Bankruptcy Procedure, request that the Court determine that there are

nondischargeable obligations owed by Jose Alberto Esparza and Maria Elena Gordillo Esparza ("**Defendants**" or "**Debtors**") to Plaintiff. In support of its Complaint, Plaintiff states as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. On or about May 21, 2026, the Debtors filed a petition for relief under chapter 7 of title 11 of the United States Code ("Bankruptcy Case").

2. The Debtors have at all relevant times owned and operated a limited liability company with the registered name of Esparzas Trucking 4E LLC which operated in Idaho and elsewhere as a trucking and transport company ("Trucking Company").

3. The Trucking Company was and is a separate legal entity from the Debtors and it owned, possessed and operated property as part of its business.

4. On or about March 18, 2025, the Trucking Company entered into a financing agreement ("Financing Agreement") with Mark Capital LLC ("Assignor") under which the Assignor extended approximately $143,208 to the Trucking Company for the purchase of a 2020 Peterbilt 389 truck ("Truck").

5. The Assignor obtained and was granted a security interest in the Truck at the time of the financing. The security interest was perfected by appropriate notations on the Truck title and possession of the same.

6. On or about May 25, 2025, Assignor pursuant to an assignment and sale agreement assigned all of its right, title and interest in the Financing Agreement and security interest in the Truck associated therewith to the Plaintiff.

7. The Plaintiff was at all relevant times since the assignment of the Financing Agreement described above a secured creditor of the Trucking Company.

8. The debt owed under the Financing Agreement between Plaintiff and the Trucking Company was guaranteed by the Debtors who thereby were liable for the debt owed by the Trucking Company to the Plaintiff.

9. On or about October 22, 2025, the Trucking Company defaulted on the payments owed to the Plaintiff and the debt was declared in default. The Plaintiff began the repossession of the Truck under applicable law.

10. On or about March 4, 2026, the Plaintiff and the Trucking Company entered into an amendment of the Financing Agreement which included a revised payment schedule.

11. However, the Debtor continued in default under the Financing Agreement and a repossession order was issued on April 28, 2026.

12. As part of the repossession process, on or about April 30, 2026, the Truck was delivered for inspection to Jackson Group Peterbilt Jordan located in Twin Falls Idaho.

13. Upon inspection by Jackson Group, many important and expensive parts of the Truck had been removed including the Herd Bumper, the Headache rack with lights, the Wet Kit, the Factory power inverter and the Tag Axle. (the "Removed Truck Parts"). The total estimated value of the Removed Truck Parts is approximately $37,143.69.

14. Upon information and belief, the Debtors were responsible for stripping the Removed Truck Parts from the Truck prior to its delivery to Jackson Group Peterbilt.

15. At the time of the stripping of such parts, either the Trucking Company or the Plaintiff was the owner of the Truck.

16. Jackson Group Peterbilt acted as agent for the Plaintiff in taking possession of and assessing the condition of the Truck.

17. Upon information and belief, the Debtors sold the Removed Truck Parts and profited from such sale either by themselves or in concert and collusion with other persons.

18. Neither the Plaintiff, nor, upon information and belief, the Trucking Company authorized the Debtors or persons acting in concert therewith to remove the Removed Truck Parts.

19. The Debtors were never the owners of the Truck or any parts related thereto.

**COUNT I—WILLFUL AND MALICIOUS INJURY**
**(11 U.S.C. § 523(A)(6))**

20. Plaintiff realleges and incorporates by reference the foregoing allegations, the same as if set forth verbatim herein.

21. Debtors' conduct described above rises to the level of intentional monetary injury to Plaintiff.

22. Debtors willfully and intentionally and without permission of either the Trucking Company or the Plaintiff and possibly in concert with other actors converted and stole the Removed Truck Parts from the Truck which was owned by the Trucking Company and was collateral of the Plaintiff.

23. At all times, Debtors knew their conduct would harm Plaintiff and its collateral interest in the Truck and acted with willful and malicious intent.

24. Debtors converted the Removed Truck Parts to benefit themselves or those they acted in concert therewith.

25. Defendants are liable to Plaintiff for willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6).

26. The sum of $37,143.69, the value of the Removed Truck Parts, therefore constitutes a nondischargeable debt of Debtors to Plaintiff, as Plaintiff's actual damages relating to Defendants' actions.

**COUNT II—FRAUD OR DEFALCATION IN A FIDUCIARY CAPACITY, EMBEZZLEMENT, OR LARCENY**
**(11 U.S.C. § 523(A)(4))**

27. Plaintiff realleges and incorporates by reference the foregoing allegations, the same as if set forth verbatim herein.

28. Defendants in taking possession of the Removed Truck Parts committed the theft of property belonging to the Trucking Company and property which was collateral of the Plaintiff.

29. Defendants' conduct described above rises to the level of larceny.

30. As set forth above, while entrusted with the Truck, Debtors knowingly and with malice deprived the Trucking Company of its property and damaged the collateral of the Plaintiff.

31. Under Idaho law, larceny/embezzlement is included in Idaho's theft statute and such statute provides that theft (including embezzlement/larceny) is committed when such person "when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof." Idaho Code §18-2403

32. Debtors took and withheld the Removed Truck Parts and exercised unauthorized control over the Removed Truck Parts.

33. At all relevant times, Defendants' foregoing conduct was done knowingly and with intent to profit from the theft of the Removed Truck Parts.

34. Debtors are liable to Plaintiff for embezzlement or larceny within the meaning of 11 U.S.C. § 523(a)(4), and the sum of $37,143.69 is therefore nondischargeable as Plaintiff's actual damages relating to Debtors' actions.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment (i) declaring a portion of Defendants' debt to Plaintiff to be nondischargeable pursuant to one or more subsections of 11 U.S.C. § 523(a), (ii) awarding Plaintiff's judgment against Defendants in an amount not less than $37,143.69 or the amount determined at trial plus post-judgment interest and costs of collection; and (iii) awarding Plaintiff's such other and further relief as the Court may deem just and proper.

DATED this 24th day of August, 2026.

**DENTONS DURHAM JONES PINEGAR P.C.**

By: */s/ J. Tayler Fox*
J. Tayler Fox (ID 12677)
Penrod W. Keith (Pro Hac Vice Pending)
111 South Main Street, Suite 2400
P O Box 4050
Salt Lake City, UT 84110-4050

*Attorneys for West One Finance, LLC*